# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF TENNESSEE

IN RE:                                )
                                      )
STEFAN JOSEPH LEER,                   )    Case No. 3:26-bk-00149
(SSN XXX-XX-2114)                     )    (Chapter 7)
                                      )    Judge Nancy B. King
                                      )
TETON LIFE LLC,                       )
                                      )
        Movant,                       )
                                      )
v.                                    )    Contested Matter
                                      )
STEFAN JOSEPH LEER,                   )
                                      )
        Respondent.                   )

_____

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY
_____


Pursuant to Bankruptcy Code section 362(d)(1) and Bankruptcy Rules 4001 and 9014, the movant, Teton Life LLC, as assignee of the rights of Spin Capital, LLC (the "Movant"), a creditor in the above-captioned case, hereby files this "Motion for Relief from the Automatic Stay." In support of this motion, Movant states as follows:

### *Jurisdiction*

1.      The debtor, Stefan Joseph Leer (the "Debtor"), filed a voluntary Chapter 7 petition in this Court on January 14, 2026 (the "Petition Date").

2.      This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 and 1334 (2025). This is a core proceeding pursuant to 28 U.S. C. § 157(b)(2)(A),(G), and (O) (2025).

3. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1409 (2025).

4. The statutory predicate for the relief sought herein is Bankruptcy Code section 362(d) and Bankruptcy Rules 4001 and 9014.

### *Background Facts*

5. Prior to the Petition Date, Movant filed a state court complaint in the Supreme Court of the State of New York, New York County, entitled *Teton Life LLC, as assignee of the rights of Spin Capital, LLC v. Golden Foothill Insurance Services, LLC, et al*., Index No. 650582/2022 (the "Teton Lawsuit"). The Lawsuit was subsequently amended to include a third-party complaint entitled *Golden Foothill Insurance Services, LLC, et al. v. Spin Capital, LLC, Avrumi Lubin*, Index No. 595367/2022 (the "Golden Foothill Lawsuit")(both the Teton Lawsuit and the Golden Foothill Lawsuit are collectively referred to hereinafer as the "Lawsuit.").

6. The Debtor is one of several parties-defendant in the Lawsuit.

7. By operation of an "Interim Order Bankruptcy Stay" dated January 15, 2026, the New York Supreme Court stayed the entire Lawsuit with respect to both the Debtor and various other non-debtor parties "during the pendency of that defendant's [the Debtor] Chapter 7 bankruptcy proceedings."

8. A true and correct copy of the "Interim Order Bankruptcy Stay," is attached hereto as Exhibit A.

9. In its order, the New York Supreme Court specifically stayed "the receiver's motion to enforce a contempt order against defendant Stefan Leer . . ., the plaintiff's

motion to strike defendant Stefan Leer's answer . . . and the plaintiff's motion for summary judgment . . .."

10.     With this motion, the Movant does not seek relief from the automatic stay imposed by Bankruptcy Code section 362 with respect to the Debtor or any claims the Movant may have against the Debtor in the Lawsuit.  Instead, the Movant seeks limited relief from the stay solely to permit: (i) the prosecution of its claims against the other defendants; and (ii) the continuation of the Lawsuit in all respects except as to claims asserted against the Debtor.

11.     A substantial amount of written discovery has been conducted. Depositions of Ms. Thomas, the Movant, and a third party witness have been taken. The Movant lacks only the deposition testimony of the Debtor.

12.     The Debtor would not be prejudiced if this Court were to grant the Movant relief from the automatic stay and otherwise allow the Movant to pursue its claims against the other defendants and allow the continuation of the Lawsuit in all respects except as to claims asserted against the Debtor.

13.     The foregoing constitutes "cause" within the meaning of Bankruptcy Code section 362(d) to modify the automatic stay and to permit the Movant to prosecute his claims against the Debtor.


## *Relief Requested*

Movant respectfully requests that the Court vacate the automatic stay imposed by Bankruptcy Code section 362 in order to allow (i) the prosecution of its claims against the

other defendants; and (ii) the continuation of the Lawsuit in all respects except as to claims asserted against the Debtor.

## *Argument and Authority*

**I. *Cause exists to grant relief from the automatic stay under Bankruptcy Code section 362(d)(1).***

The automatic stay extends only to the Debtor and not all of the defendants in the Lawsuit. Movant is entitled to relief from the automatic stay so that the Lawsuit may proceed with respect to the non-debtor entities. Filing a bankruptcy petition "operates as a stay . . . of the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor . . . ." 11 U.S.C. § 362(a)(1) (2025). Filing a bankruptcy petition stays "any act to collect, assess, or recover a claim against the debtor . . . ." 11 U.S.C. § 362(a)(6) (2025). Many courts have interpreted the "plain language" of section 362 to find that only debtors are protected by the automatic stay. See In re Diocese of Rochester, 2022 WL 1638966, at *4 (Bankr. W.D.N.Y. May 23, 2022); Wedgeworth v. Fibreboard Corp., 706 F.2d 541, 544 (5th Cir. 1983). Sections 362(a)(1) and (1)(6) "specifically and in plain language refer to the stay of actions against the debtor." See In re Diocese of Rochester, 2022 WL 1638966, at *45. Section 362 stays actions against the debtor and no other entity. Lynch v. Johns-Manville Sales Corp., 710 F.2d 1194, 1197 (6th Cir. 1983).

Allowing pre-petition, state court litigation to proceed often constitutes "cause" for relief from the automatic stay under § 362(d)(1). The legislative history for § 362 clarifies

*Page 4 of 7*

that cause may be established by "a desire to permit an action to proceed … in another tribunal," or "lack of any connection with or interference with the pending bankruptcy case." H.R. Rep. No. 95–595, 95th Cong., 1st Sess., 343–344 (1977) U.S. Code Cong. & Admin. News pp. 5787, 6300.  See also In re Drexel Burnham Lambert Grp., Inc., 113 B.R. 830, 838 n.8 (Bankr. S.D.N.Y.  1990).  Accordingly,

> [i]t will often be more appropriate to permit proceedings to continue in their place of origin, where no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere.

Matter of Rexene Prods. Co., 141 B.R. 574, 576 (Bankr. D. Del. 1992) (*internal citations and quotation marks omitted*).  See also In re The Conference of African Union First Colored Methodist Protestant Church, 184 B.R. 207, 218 (Bankr. D. Del. 1995) ("[T]he existence of a more appropriate forum than the bankruptcy court is "cause" for relief under Code § 362(d)(1).").

The decision to lift the automatic stay resides within the sound discretion of the bankruptcy court.  Laguna Assocs. Ltd. P'ship v. Aetna Cas. & Sur. Co. (In re Laguna Assocs., Ltd. P'ship), 30 F.3d 734, 737 (6th Cir. 1994) (*citation omitted*). In deciding whether to lift the automatic stay to allow pre-bankruptcy litigation to resume, a bankruptcy court must review the following factors: "1) judicial economy; 2) trial readiness; 3) the resolution of preliminary bankruptcy issues; 4) the creditor's chance of success on the merits; and 5) the cost of defense or other potential burden to the bankruptcy estate and the impact of the litigation on other creditors." Garzoni v. K-Mart Corp. (In re Garzoni), 35 F. App'x 179, 181 (6th Cir. 2002) (*citing In re United Imports, Inc.*, 203 B.R. 162, 167 (Bankr. D. Neb. 1996)). See also In re Hornback, 2021 WL 5320418, at *3 (6th Cir. B.A.P.

Nov. 16, 2021) (*citing* <u>Garzoni</u> factors and affirming bankruptcy court's decision to modify the automatic stay to permit continuance of pre-petition litigation).

In this case, all of the <u>Garzoni</u> factors support stay relief. The interests of judicial economy support stay relief. The Lawsuit has reached an advanced stage and is almost trial ready, which supports stay relief. The lack of any preliminary bankruptcy issues to be determined supports stay relief and the Movant has a strong probability of success in the Lawsuit, which supports stay relief: It is not necessary that Movant be likely to prevail in the state court case to obtain relief from the automatic stay to proceed with trial. <u>See</u> <u>In re Martin</u>, 542 B.R. 199, 204 (B.A.P. 6th Cir. 2015) ("Neither the bankruptcy court nor this Panel need to reach any determination regarding the [movant's] likelihood of success on the merits of the underlying cause of action. The remaining factors are sufficient to support relief from the automatic stay."). Nevertheless, this factor weighs heavily in favor of a grant of stay relief to the Movant.

Finally, allowing the Lawsuit to proceed to trial would have no effect on the interests of the Debtor's estate or its creditors. Here, "[t]he underlying cause[s] of action involves state law [claims and other] issues [and] additional parties not involved in the bankruptcy court proceeding," and any "determination regarding [the case will] require factual findings regarding the same elements as the state law . . . issues." <u>In re Martin</u>, 542 B.R. at 203.

For these reasons, the Court should grant Movant relief from the automatic stay to permit the Movant to continue with the prosecution of its claims against the other defendants and otherwise allow the continuation of the Lawsuit in all respects except as to any claims asserted against the Debtor.

### *Conclusion*

Movant respectfully requests that the Court vacate the automatic stay imposed by Bankruptcy Code section 362 in order to permit: (i) the Movant to continue with the prosecution of its claims against the other defendants; and (ii) the continuation of the Lawsuit in all respects except as to any claims asserted against the Debtor.

Dated: March 6, 2026.

Respectfully submitted,

 */s/ Joseph P. Rusnak*
Joseph P. Rusnak
**TUNE, ENTREKIN & WHITE, P.C.**
Capitol View, Suite 600
500 11th Avenue North
Nashville, TN 37203
(615) 244-2770 Voice
(615) 244-2778 Fax
Jrusnak@tewlawfirm.com

Attorneys for Sachin Taneja

### *Certificate of Service*

I hereby certify that on March 6, 2026 a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

Dated: March 6, 2026.

 */s/ Joseph P. Rusnak*
Joseph P. Rusnak

*H:\JPRAssistant\JPR\Teton Life\MotReliefStay.wpd*