# UNITED STATES BANKRUPTCY COURT

FOR THE MIDDLE _____ District of ___TENNESSEE_____

In re _STEFAN JOSEPH LEER_____
### Debtor

*(Complete if issued in an adversary proceeding)*

_____
### Plaintiff
### v.
_____
### Defendant

Case No. _3:26-BK-00149_____

Chapter __7_____

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: BMO Harris Central NA, Attn: Tim Cox, General Counsel, 110 E. Irving Park Road, Roselle, IL 60172
*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: SEE ATTACHED SUBPOENA DUCES TECUM

| PLACE Nelson Mullins Riley & Scarborough LLP 123 N. Wacker Drive, 21st Floor, Chicago, IL 60606 | DATE AND TIME May 28, 2026 1:00PM |
|---|---|

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/14/2026

CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*

OR _~[signature]~_

*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Fred Stevens, in his capacity as receiver* , who issues or requests this subpoena, are: Shane G. Ramsey, Nelson Mullins Riley & Scarborough LLP, 1222 Demonbreun Street, Ste 1700, Nashville, TN 37203, (615)664-5355, shane.ramsey@nelsonmullins.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

*in the matter of Teton Life LLC v. Golden Foothills Ins. Svcs., LLC., et. al. Index No. 60585/2022 (N.Y.S. Sup. Ct.)(Hon. Nancy M. Bannon, J.S.C.)

# PROOF OF SERVICE
## (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: __BMO Harris Central, NA_____

on *(date)* __5/14/2026__ .

[X] I served the subpoena by delivering a copy to the named person as follows: __Tim Cox, General Counsel,_____

__110 E. Irving Park Road, Roselle, IL 60172_____

_____ on *(date)* __5/21/2026_____ ; or

[ ] I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: __5/26/2026_____

_____
*Server's signature*

Shane G. Ramsey, Attorney for Fred Stevens, in his capacity as Receiver

_____
*Printed name and title*

Nelson Mullins Riley & Scarborough LLP
1222 Demonbreun Street, Suite 1700
Nashville, TN 37203

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

   (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# USPS Tracking®

**Tracking Number:**

**Remove ✕**

## 9414726699042231083413

Copy        Add to Informed Delivery

### Latest Update

Your item was delivered to an individual at the address at 9:56 am on May 21, 2026 in ROSELLE, IL 60172.

**Get More Out of USPS Tracking:**

USPS Tracking Plus®

### Delivered

**Delivered, Left with Individual**

ROSELLE, IL 60172
May 21, 2026 9:56 AM

**See All Tracking History**

**What Do USPS Tracking Statuses Mean?**

Feedback

**Text & Email Updates**    ⌄

**USPS Tracking Plus®**    ⌄

**Product Information**    ⌄

**See Less** ⌃

Track Another Package

Enter tracking or barcode numbers

# Need More Help?

Contact USPS Tracking support for further assistance.

FAQs

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **In re** | ) | |
| | ) | |
| **STEFAN JOSEPH LEER,** | ) | **Case No. 3:26-bk-00149** |
| | ) | **Chapter 7** |
| | ) | **Judge Nancy B. King** |
| **Debtor.** | ) | |

## SUBPOENA DUCES TECUM

**TO: BMO HARRIS CENTRAL N.A., AS SUCCESSOR IN INTEREST BY MERGER WITH BANK OF THE WEST**, through by service on general counsel, Tim Cox, 110 E. Irving Park Road, Roselle, Illinois, 60172.

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Bankruptcy 9016, Fred Stevens, in his capacity as receiver (the "Receiver") in the matter of *Teton Life LLC v. Golden Foothill Ins. Svcs., LLC, et al.,* Index No. 650582/2022 (N.Y.S. Sup. Ct.) (Hon. Nancy M. Bannon, J.S.C.), hereby serves a Subpoena Duces Tecum (the "**Subpoena**") on BMO Harris Central N.A., as successor in interest by merger with Bank of the West (the "**Bank**") requiring it to produce all responsive documents in its possession, custody and control belonging to Stefan Leer ("**Debtor**"), the Leer Family, DRVN Financial and Insurance Services Inc., Life Shares 1019, LLC, and/or KTL Holdings II, LLC, as identified in the attached Exhibit A. The Bank's custodian of records may waive its requirement to appear personally at the location of production if: (1) the appropriate custodian of records completes an executes a business records affidavit as attached here as Exhibit B, (2) includes the executed business records affidavit with its production of records and (3) documents responsive to this subpoena are delivered to the address identified in the subpoena on or before the deadline listed therein.

**PLEASE TAKE NOTICE** that undersigned counsel will arrange to make payment for reasonable charges associated with the cost of production of the requested documents in advance, provided that the Bank contact him at the below address and/or phone number.

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

By:  /s/ *Shane G. Ramsey*
Shane G. Ramsey
1222 Demonbreun Street, Suite 1700
Nashville, Tennessee 37203
Telephone: (615) 664-5355
Facsimile: (615) 664-5399
Email: shane.ramsey@nelsonmullins.com

*Attorneys for Fred Stevens, in his capacity as receiver in the matter of Teton Life LLC v. Golden Foothill Ins. Svcs., LLC, et al., Index No. 650582/2022 (N.Y.S. Sup. Ct.) (Hon. Nancy M. Bannon, J.S.C.)*

## **EXHIBIT A**

All banking records regarding any and all accounts of Stefan Leer, Stefan Joseph Leer, the Leer Family, DRVN Financial, Life Shares 1019, LLC, and/or KTL Holdings II, LLC, individually or jointly, from January 1, 2020 to present, including, but not limited to, copies of any and all banking statements and all other documents regarding checking accounts, savings accounts, certificates of deposit, and credit card accounts, including credit card statements, whether such accounts remain open or have since been closed.

Specifically, records responsive to the above request should include, but not be limited to the accounts below:

| No. | Account Holder | Financial Institution | Last Four Digits of Account No. |
|---|---|---|---|
| 1. | Leer Family | Bank of the West | 9738 |
| 2. | DRVN Financial (may be DRVN Financial and Insurance Services Inc.) | Bank of the West | 4447 |
| 3. | Life Shares 1019 LLC | Bank of the West | 1864 |
| 4. | Unknown (but likely KTL Holdings II, LLC) | Bank of the West | 4272 |

<u>**EXHIBIT B**</u>

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **In re** | ) | |
| | ) | |
| **STEFAN JOSEPH LEER,** | ) | **Case No. 3:26-bk-00149** |
| | ) | **Chapter 7** |
| | ) | **Judge Nancy B. King** |
| **Debtor.** | ) | |

## BUSINESS RECORDS AFFIDAVIT

Before me, _____ personally appeared on this day, who is

known by me to be the person whose signature appears below, and who, being by me duly

sworn, deposed as follows:

1.      My name is _____, I am of sound mind, over the age of

18, capable of making this affidavit, and personally acquainted with the facts herein stated:

2.      I am a custodian of the records of BMO Harris Central N.A. (the "Company").

3.      Attached hereto are the Company's full and complete business records produced

in response to the subpoena issued to the Company in the above matter.

4.      The attached records which were made at or near the time of the occurrence of the

matters identified in the documents by persons with knowledge of and a business duty to record

or transmit the information contained within the documents.

5.      The attached records were made in the Company's regular course of business.

6.      The attached records were kept in the Company's regular course of business and

are the original or exact duplicates of the original.

Dated: _____       Signed: _____

4931-0533-9809 v.1

Name: _____

STATE OF _____  )
                                                                    )
COUNTY OF _____  )


        The foregoing instrument was acknowledged before me this the ___ day of
_____, 2026, by _____, to me personally known
behalf and the foregoing is a

true and correct record of the testimony given in this matter.


_____
NOTARY PUBLIC

My commission expires: _____.

4931-0533-9809 v.1